UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTELLA SUTTON,

     Plaintiff,                   CIVIL ACTION NO. 06-CV-12878-DT

  v.

                                       DISTRICT JUDGE VICTORIA A. ROBERTS
                                       MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial  evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work providing a sit-stand option.

*   *   *

     Plaintiff filed an application for Social Security Supplemental Security Income benefits on May 12, 2000, alleging that she had been disabled and unable to work since August 14, 1998,  at age 41, due to back and knee pain.  Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA).  A requested de novo hearing was held on June 19, 2003[1], before Administrative Law Judge (ALJ) Melvin Kalt.

_____

     [1]An earlier administrative hearing was held before ALJ Kalt on May 21, 2001 (TR 633-658), which resulted in a decision to deny SSI benefits (TR 574-575).  The Appeals Council vacated the decision on February 7, 2003, and remanded the case for further administrative action, in order to consider new medical evidence that had been submitted to the Council only (TR 580-583).

The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work  The Law Judge limited the claimant to jobs that did not require prolonged walking, standing or lifting. She was also restricted to clean air environments. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 46 years old at the time of the remanded administrative hearing (TR 636).  She had been graduated from high school, and had no past relevant work history (TR 637). Claimant testified that she was disabled as a result of congestive heart failure, asthma, hypertension, right knee pain, acid reflux and mental depression (TR 617-621, 639-641).  Plaintiff alleged that she was prevented from sitting or standing for prolonged periods due to periodic dizzy spells, poor balance, headaches and fatigue (TR 619-620). She estimated that she could sit for about two hours and stand for possibly 90 minutes before needing to change positions (TR 645).  The claimant added that she experienced chest pain and became short of breath upon exertion (TR 619-622, 628, 642-644). She was unable to walk long distances due to pain and swelling in her right knee (TR 644).  While Plaintiff was able to perform some light household chores (TR 624), she spent her time at home reading and watching television (TR 624-627).

A Vocational Expert, Ms. Pasikowski, testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[2] (TR 630). If she were capable of

---

[2]The witness testified that claimant's alleged need to lie down several times a day would preclude all work activity (TR 630).

sedentary work, however, there were numerous assembly, sorting and inspection jobs that she could still perform with minimal vocational adjustment (TR 631). These unskilled jobs provided a sit-stand option, and were performed in clean air environments (TR 630). The witness added that these jobs could be performed by someone who had the mental limitations set out by Dr. Judith Kovach in her April 2003 psychological evaluation (TR 631).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was  impaired as a result of asthma, hypertension, cardiomegaly and a depressive disorder, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's knee pain prevented her from working at jobs requiring prolonged sitting standing or lifting.  She was also restricted to clean air environments due to her history of asthma.  The Law Judge found that Ms. Sutton retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide

questions of credibility.  See <u>Brainard v. Secretary</u>, 889 F.2d 679, 681 (6th Cir. 1989); <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  <u>Kirk</u>, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains she is  disabled as a result of severe right knee pain, cardio-pulmonary difficulties and mental depression. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2006).

<u>DISCUSSION AND ANALYSIS</u>

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  <u>Sizemore v. Secretary</u>, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. <u>Hurst v. Secretary</u>, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective

**4**

evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003  (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a limited range of sedentary work providing a sit-stand option in clean air environments. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling knee pain, breathing difficulties  and chronic fatigue.

The medical record revealed that Plaintiff had a history of knee pain with multiple surgeries prior to the onset date of disability in August 1998 (TR 137-138, 141-143, 148, 152-168, 226-243, 295).   An orthopedic evaluation, however, by Dr. John Lennox, a treating doctor, on August 4, 1998, revealed satisfactory ranges of bilateral knee motion with minimal joint swelling (TR 346). Dr. Lennox believed that Plaintiff could still perform "a sit down job", despite her continuing knee discomfort (TR 346).

Plaintiff has been treated for asthma on a regular basis, but a pulmonary function study conducted in September 2000, was said to be normal (TR 383).  Following cardiac mitral valve repair surgery in November 2000 (TR 441), claimant told her doctors that she no longer had any chest pains (TR 456).  An April 2001, echocardiogram was normal (TR 433).  Since Plaintiff complained of shortness of breath at night, obstructive sleep apnea was suspected but ruled out by a normal polysomnography (TR 457, 462).  Cardiac testing

performed in October 2002, showed no evidence of congestive heart failure, cardiomegaly or stenotic lesions[3] (TR 525-528).

Contrary to Plaintiff's contention, the ALJ did consider the mental status evaluations submitted by Dr. Zuniga, her treating psychologist. While Dr. Zuniga reported that the claimant exhibited some depression and anxiety, she possessed good judgment, insight and impulse control. She denied suicidal ideation or any symptoms of psychosis or thought disorder. The claimant was cooperative and friendly, was in good contact with reality, and had normal motor activity (TR 394-432). To the extent that Dr. Zuniga's global assessment of functioning (GAF) scores suggest extremely poor functioning and an inability to work (TR 431-432), such a conclusion was totally unsupported by his rather normal clinical findings. As pointed out by the Commissioner, Dr. Zuniga's GAF scores were actually higher than the scores given by a consultative psychologist, Dr. Korvach, who concluded that Plaintiff could perform a range of work that took into consideration moderate mental limitations (TR 591-592). The Vocational Expert considered those limitations before identifying the types of sedentary jobs that Plaintiff could perform (TR 630).

---

[3]Plaintiff argues that the ALJ failed to take into consideration the alleged decline in her overall health since July 2001. The medical evidence cited by the claimant in support of her argument do not conclusively establish that her condition has deteriorated. For example, a May 2003, chest X-ray noted that there had been "no significant changes" from previous films (TR 605). Despite allegations of a recent onset of severe left upper extremity pain, three X-ray views of the shoulder taken in April 2003, showed no evidence of acute fracture or subluxation. The soft tissues appeared normal (TR 487). The bulk of the medical record since the ALJ's vacated decision in 2001 deals with claimant's mental impairment. It was reasonable for the ALJ to find that the record failed to corroborate a significant diminution in Plaintiff's physical condition that would warrant additional functional limitations.

When evaluating Plaintiff's residual functional mental capacity, the Law Judge also took into consideration the opinion of a state agency physician[4], who concluded that the claimant could perform substantial gainful activity on a sustained basis (TR 120-128). The types of unskilled jobs identified by the Vocational Expert (assembly, inspection and sorting) would not cause a great deal of work related stress. These unskilled jobs provided a sit-stand option, and did not require her to work in polluted air environments (TR 630).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof

------

[4]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: October 27, 2006

_____

## CERTIFICATE OF SERVICE

I hereby certify on October 27, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 27, 2006.  **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

**8**